UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1572 FMO (DTBx) | Date | March 11, 2015 |
|---|---|---|---|
| Title | Robert Wilbanks v. Rancho Physical Therapy, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Supplemental Jurisdiction

On August 30, 2012, plaintiff filed his Complaint pursuant to the court's federal question jurisdiction. However, on December 30, 2014, the court dismissed, among other claims, the plaintiff's fourth cause of action for overtime pay and liquidated damages under 29 U.S.C. § 201 et seq. (See Court's Order of December 30, 2014). Without the fourth cause of action, no federal questions remain at issue in the case. (See, e.g., Complaint at ¶¶ 10-21, 29-33, 57-61; see also Joint Brief in Support of Cross-Motions for Summary Judgment at 1 (listing the remaining state law claims)).

The court questions its subject matter jurisdiction over the remaining claims. "[A] district court must make sure that it has federal jurisdiction [over state law claims] under § 1367(a)[.]" Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). Under 28 U.S.C. § 1367(a), "[e]xcept as provided in subsections (b) and (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. 1567(a). Subsection (c) specifies, however, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it had original jurisdiction[.]" 28 U.S.C. 1367(c); see also Retail Property Trust v. United Broth. of Carpenters and Joiners of America, 768 F.3d 938 (9th Cir. 2014) ("In as much as only state claims remain, the district court may decide whether to continue to exercise supplemental jurisdiction over the state claims or send them back to state court[.]").

Accordingly, IT IS SO ORDERED that:

1. No later than **March 18, 2015**, the parties shall show cause in writing why this case should not be dismissed without prejudice so that plaintiff can pursue his claims in the state court. Each party's response to the OSC shall be limited to ten pages. **Failure to submit a response by the deadline set forth above may be deemed as consent to the dismissal of the action without prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 13-1572 FMO (DTBx)** | Date | **March 11, 2015** |
|---|---|---|---|
| Title | **Robert Wilbanks v. Rancho Physical Therapy, Inc.** | | |

  2.  The pretrial conference, the deadline to submit trial briefs, and the trial date (see Court's Order of May 19, 2014) are **vacated** pending the resolution of this Order to Show Cause.

  3.  A copy of all papers filed with the court shall be delivered to the drop box outside the chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |